FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jun 10 2022

KEVIN P. WEIMER, Clerk

By: s/B. Evans
Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

MALIK KIELL FORTE

**CRIMINAL COMPLAINT** Case

Number: 1:22-mj-530

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about June 10, 2022 in Fulton County, in the Northern District of Georgia, defendant(s) did,  possess with intent a controlled substance, breaking or entering a carrier, and transported stolen property.

in violation of Title 21, United States Code, Section(s) 922(g), 841 and 18 U.S.C. §§ 2117 and 2314.

I further state that I am a(n) FBI Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Pierre Anthony Brown

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

| June 10, 2022 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                                Signature of Judicial Officer

AUSA Dash Cooper / 2021R01051 / Dashene.
Cooper@usdoj.gov

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Pierre Brown, depose and say under penalty of perjury, state as follows:

## AFFIANT BACKGROUND

2. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, § 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18 and 21.

3. In my two-year career with the FBI, I have been involved in money laundering, drug trafficking, human trafficking, terrorism, and violent crime investigations. Several of those investigations have led to the arrest and federal prosecution of members of large-scale organized crime organizations. As part of those investigations, I have been involved in the execution of search warrants and arrest warrants, as well as the interrogation of individuals suspected of human trafficking, money laundering, and organized crime. I have analyzed telephone toll records in an effort to identify the members, methods, and habits of the criminal organizations. I also have received specialized training pertaining to money laundering, drug trafficking, and the exploitation of telephones and other communication devices as an investigative technique. Through my training, education, and experience, I have become familiar with the manner in which illicit proceeds are laundered, illegal drugs are transported, stored, and distributed, as well as the methods of payment for such drugs.

4. In connection with my official FBI duties, I investigate criminal violations of federal drug laws and related offenses, including, but not limited to, violations of Title 21, United States Code, Sections 841, 843, 846, 952, 960, and 963, Title 18, United States Code, Sections 1956 and 1957, and Title 31, United States Code, Section 5324. I have received specialized training in the use of phone and tracker technologies, case development and management, interview and interrogation techniques, informant development, and the use of electronic surveillance.

5. In my law enforcement employment, I have conducted analyses of telephone billing records for telephones used by individuals participating in illegal activities. Consequently, I am familiar with the ways in which criminal organizations operate their illegal enterprises, including, but not limited to, their use of cellular telephones, and their use of coded language and numbers to conduct their transactions. I know that criminal enterprise organizations often employ a technique called compartmentalization, where the organization uses multiple methods of communication, multiple cellular phones, multiple insulated contacts, pre-paid cellular phones, and phones designated to be used only for "incoming" or "outgoing" calls. Compartmentalization reduces an organization's exposure by limiting the knowledge any one member of the group possesses. I know that criminal enterprise members frequently use cellular telephones subscribed to in false names. The use of the telephones in this manner is designed to help avoid detection by law enforcement.

6. I am currently assigned to an FBI squad which investigates organized crime and criminal enterprises out of the Atlanta Division. I make this affidavit based upon personal knowledge derived from my participation in this investigation, upon my experience as an agent, and upon information I believe to be reliable from sources including, among others, the following: (a) oral and written reports about this and other investigations that I have either written or received from employees of the FBI and other law enforcement agencies, both foreign and domestic; (b) physical surveillance in which I have personally

7. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information I obtained from various law enforcement agents and industry experts. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of every aspect of the investigation. Rather, I have set forth facts which I believe sufficient to establish probable cause for the issuance of the requested search warrant. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. participated or that has been reported to me; (c) public records; (d) interviews of witnesses.

## BACKGROUND OF INVESTIGATION

8. The FBI ("Agency") is conducting an investigation involving Malik FORTE for possible violations of federal criminal laws, including 21 U.S.C. §841 (to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance). In November 2021, Mike Vaughn, the Director of Global Security for Cardinal Health, contacted FBI Atlanta to inform the Division about a series of thefts in the Atlanta area. Vaughn explained that Cardinal Health warehouses bulk amounts of pharmaceutical prescription drugs in Knoxville, Tennessee. The drugs are shipped to a warehouse in Stone Mountain, Georgia, at which time a third-party shipper, Hackbarth Delivery, delivers the prescription drugs to pharmacies throughout the Atlanta area. Since March 2021, unknown individuals have stolen ten (10) Hackbarth shipments of prescription drugs while the delivery vehicles are parked at the destination pharmacies. Further, on January 4, 2022 unknown individual(s) stole prescription shipments from the Hackbarth Distribution Center in Stone Mountain, Georgia.

9. On March 21, 2022, Agents obtained a court order to obtain geo-location data on a cellular telephone believed to be used by MALIK FORTE. Agents used the geo-location data to assist in avoiding detection when conducting surveillance on FORTE. Further, on April 13, 2022, Agents using the geo-fence from FORTE's cellular telephone discovered that the device was in the Stone Mountain area near a Hackbarth warehouse. Agents contacted Hertz rental to determine if FORTE or his mother, Lascine Forte, had recently rented a

vehicle. Hertz informed Agents that on April 12, 2022, Lascine Forte had rented a gray 2020 Nissan Rogue (Georgia license plate CNJ 9551). Using this information, in conjunction with the geo-location data, Agents conducted surveillance in the area near the Hackbarth warehouse and located the abovementioned Nissan Rogue parked in a neighborhood directly behind the warehouse. Specifically, the Nissan Rogue was parked in a location in which an individual in the vehicle had a clear vantage point of the rear of the Hackbarth warehouse. Agents observed a black male driving the Nissan Rogue, who looked like FORTE.

10. On June 10, 2022, the manager at Hackbarth Delivery reported one of his drivers was a victim of a theft of pharmaceutical drugs from his vehicle at CVS 1520 Ave Place, Atlanta, Georgia, 30329 between 9:00 and 9:30 AM.

11. A witness at the CVS explained that they observe a black vehicle leave that CVS location.

12. Based on pings from FORTE's phone, agents confirmed that FORTE's phone was in the vicinity of that same CVS location at approximately 9:11 AM.

13. FBI SA Joel Zwiers set up surveillance at FORTE's residence at 852 Garden Walk Blvd, Building Q, Apartment 5, College Park, GA 30349, and he observed FORTE later arrive in a black vehicle around 10:00 AM.

14. SA Joel Zwiers observed FORTE exit the black vehicle with another black male carrying large white garbage bags, which agents believe contain contraband from the June 10, 2022, robbery.

15. Later that afternoon, United States Magistrate Judge Justin S. Anand signed a search warrant to search FORTE's residence at 852 Garden Walk Blvd, Building Q, Apartment 5, College Park, GA 30349.

16. The Undersigned executed the search warrant at approximately 2:00pm and agents recovered the pharmaceutical drugs believed to be stolen from the June 10, 2022, robbery as well as a Glock firearm and 45 caliber ammunition in FORTE's bedroom.

17. FORTE has a previous felony in Baldwin County for 1st Degree Forgery in 2016 and a 2019 felony conviction in Lowndes County Superior Court for Possession of a Schedule IV Controlled Substance.

## CONCLUSION

18. Based on my knowledge, training, experience, and the facts set for in this affidavit, I submit there exists probable cause to believe that FORTE has committed crimes, concerning violations of Title 21, United States Code, Sections 841 (possession with intent to distribute a controlled substance), and Title 18 United States Code, Sections 922(g) (felon in possession of a firearm), 2117 (breaking or entering carrier facilities) and 2314 (transportation of stolen goods), and respectfully request the issuance of a warrant for FORTE's arrest.